PATON, The JUNIATA. See Case No. 7,584.

## Case No. 10,800.

PATONS et al. v. LEE.

[2 Cranch, C. C. 646.] [1]

Circuit Court, District of Columbia. April Term, 1826.

CLERK OF COURT — HONEST ERROR IN INDORSING EXECUTION AS TO AMOUNT DUE—CONFIRMING OFFICE JUDGMENT.

1. The clerk of the circuit court of the District of Columbia for the county of Alexandria, is not liable for the honest error of judgment of his deputy, in indorsing, upon an execution, the amount upon payment of which the execution was to be discharged, if no minutes or instructions to the contrary were given to the said clerk or his deputy; if the deputy was a person of good understanding and correct demeanor, and capable of performing with propriety and correctness the duties of a deputy-clerk; if, in issuing the execution, and making the indorsement thereon, he exercised honestly his best judgment as to the nature and terms of the judgment which ought to have been entered up in the case; and if the clerk has been guilty of no negligence in superintending his deputy in the discharge of the duties of his office in issuing the execution.

2. It is not necessary that the court should do any act to confirm an office-judgment. If not set aside it becomes the judgment of the court.

Action upon the case. The declaration states that the plaintiffs [Patons and Butcher] in November, 1818, recovered judgment, in this court, against John W. Bronaugh, and George Johnston, his appearance-bail, for $1,411.10 and costs, and that by a memorandum at the foot of the judgment it was directed to be discharged by the payment of $705.55 with legal interest thereon from the 5th of September, 1809, till paid, as appears by the record thereof. That the defendant [E. J. Lee] being clerk, &c., on the 20th of January, 1819, issued a ca. sa. upon that judgment, but negligently instead of issuing the same for $1,411.10 and costs, together with a memorandum on the execution, expressing that the said execution (costs excepted) was to be discharged by the payment of $705.55 with legal interest thereon from September 5th, 1809, till paid, in conformity with the said judgment and memorandum, issued the said execution for $1,411.10 and costs, together with a memorandum thereon expressing that the said execution (costs excepted) was to be discharged by the payment of $705.55, with legal interest thereon from the 5th of September, 1809, till the 1st of June, 1812, and thus then and there omitted to mention and include, in the said memorandum, the interest from the 1st of June, 1812, till paid, as he ought to have done, whereby the plaintiffs say they have lost the same, amounting to $284.52, for they aver that the said sum of $705.55 was not paid till the 20th of February, 1819; and they aver that at the time of the issuing and service of the said execution the said John W. Bronaugh was in good credit and able to pay the whole of

---

[1] [Reported by Hon. William Cranch, Chief Judge.]

the said debt and interest, but has since become totally insolvent; and that the said George Johnston also has become entirely insolvent, so that the said sum of $284.52 is entirely lost to the plaintiffs; to their damage $800. The defendant pleaded "not guilty," and upon the trial of the issue at November term, 1825, Mr. Taylor, for the defendant, contended that there was no judgment to warrant the original execution against Bronaugh. There was only an office-judgment, which was not confirmed by the court, and entered as of the last day of the term.

By Act Cong. March 3, 1801, § 3 (2 Stat. 115), this court is to possess and exercise the same powers and jurisdiction, civil and criminal, as were then possessed and exercised by the district courts of Virginia; and this court has adopted the same practice. By Act Va. Dec. 19, 1792, p. 111, § 21, it is enacted, "that in all actions which shall be brought upon any bond or bonds for the payment of money, wherein the plaintiff shall recover, judgment shall be entered for the penalty of such bond, to be discharged by payment of the principal and interest due thereon, and the other costs of suit, and execution shall issue accordingly." By Act Va. Dec. 12, 1792, p. 80, § 42, respecting the district courts of that state, it is enacted, that "all judgments by default for want of an appearance or special bail, or pleas, as aforesaid, and nonsuits or dismissions, obtained in the office, and not set aside on some day of the next succeeding court, shall be entered by the clerk as of the last day of the term, which judgment shall be final in actions of debt founded on any specialty bill or note in writing ascertaining the demand, unless the plaintiff shall choose in any such case to have a writ of inquiry," &c. No final judgment can be entered in the office. It does not become a judgment of the court unless entered in the records of the court as a judgment of the court.

Mr. Hewitt, contra, for the plaintiffs, contended that it is not necessary that the court should do any act to confirm office judgments, nor to sign any order confirming them. They are valid if not set aside on some day of the next succeeding court. It has not been the practice to enter the office-judgments on the court's docket.

(Upon inquiry it appeared that it was not the practice, until after November term, 1818, to enter the office-judgments on the docket of the court on the last day of the term.)

THE COURT (MORSELL, Circuit Judge, contra,) was of opinion, that it was not necessary that an office-judgment should be entered upon the docket of the court on the last day of the term, or that the court should do any act to confirm the office-judgments; but that, if not set aside during the first term after the judgment in the office, it becomes the judgment of the court,

and is to be entered, by the clerk, as of the last day of that term, such being the express words of the act.

Mr. Hewitt, for plaintiff, prayed the court to instruct the jury, that it is not necessary for him to prove the defendant guilty of gross negligence.

Mr. Taylor, for defendant, contra, cited Pitt v. Yalden, 4 Burrows, 2060; Jenkins v. Waldron, 11 Johns. 114; Stephens v. White, 2 Wash. [Va.] 212.

THE COURT (THRUSTON, Circuit Judge, absent,) refused to give the instruction, because it was abstract; but afterwards, upon a statement of the evidence, gave an instruction in favor of the defendant, which was reduced to writing, but is lost or mislaid.

The jury, however, found a verdict for the plaintiff, and $400.22 damages.

But THE COURT granted a new trial, on the ground that the verdict was against the law as laid down by the court.

The cause now came on again for trial upon the general issue, and THE COURT (THRUSTON, Circuit Judge, absent), still adhered to its former opinion, and stated it to be in substance, that if the jury should be of opinion, from the evidence, that Mountjoy Bailey, the deputy-clerk, was of competent skill and knowledge to discharge the duty of deputy-clerk, and exercised faithfully and honestly his best judgment in making the indorsement, the defendant, the principal clerk, is not liable for the error of his deputy.

The plaintiff's counsel took a bill of exceptions, which stated that, on the trial of the issue in this cause, the plaintiff, to support the issue on his part,[2] gave in evidence to the jury the record of proceedings in the action against John W. Bronaugh, and the ca. sa. issued against him and George Johnston, his appearance-bail, dated January 20, 1819, with the indorsement thereon in these words: "Memorandum. This execution (costs excepted) is to be discharged by the payment of $705.55, with legal interest thereon, from the 5th of September, 1809, to the 1st day of June, 1812." And also the bond of the said Bronaugh to the said Patons and Butcher, upon which the said judgment was rendered; the condition of which was, that he should pay them $705.55, with legal interest from the 5th of September, 1809, on the 1st day of June, 1812. Also the forthcoming bond taken under the said execution, and the notice and judgment and execution thereon, dated the 30th of April, 1819, on which the money called for thereby was made and paid over to the plaintiff's attorney. And further proved, that the defendant was clerk of this court when those executions were issued, and up to the time

---

[2] Mr. Patons, one of the plaintiffs, had departed this life since the commencement of the action.

of the trial. That Bronaugh and Johnston were both insolvent; the former having been discharged under the insolvent act on the 20th of November, 1820.

The defendant then proved, that the executions and forthcoming bond aforesaid, were all delivered to the plaintiff's attorney, who obtained judgment on that forthcoming bond, dated June 18, 1819. That the execution of the 20th of January, 1819, had been issued by Mountjoy Bailey, who was then the defendant's deputy; and that in issuing that execution, he had examined the record and bond, and had issued the execution according to his construction of the true interpretation of the said bond, and of the condition thereof. The defendant also adduced evidence to prove, that the said Mountjoy Bailey was a person of good understanding and correct demeanor, and capable of performing with propriety and correctness the duties of a deputy-clerk. It was admitted, that neither the plaintiffs nor their attorney had given any instructions to the clerk or his deputy, as to the mode of entering up the judgment, or awarding the execution; and that the execution had been issued and delivered to the plaintiff's attorney under general orders from him, before any record at large had been made up in the suit. The defendant further gave evidence to show, that on the night of the 25th of January, 1819, his arm had been broken, by which accident he had been confined to his house all the residue of that month, and the whole of the months of February and March. That about 220 executions had been issued on the judgments of November term, 1818, all dated on the 20th of January, 1819. That the issuing and docketing of those executions occupied at least two weeks after the 20th of January, 1819, and the execution in this case being upon a forthcoming bond, was among the last issued.

On which evidence, the defendant's counsel prayed the court to instruct the jury that the same was not sufficient in law, if believed by the jury, to charge the defendant in this action, or to subject him to damages for the error in the execution of the 20th of January, 1819.

Which instruction THE COURT refused to give, but instructed them, that if they should believe the facts to be as above stated, and should also believe from the evidence aforesaid, that there were no minutes nor instructions furnished to the clerk, by the plaintiffs, or their attorney, at the time the said short entry of the judgment was made, and that the said short entry, and the other docket entries, and the said bond, were the guides by which the said deputy-clerk issued the said execution, and made the said indorsement thereon; and that in issuing the said execution, and in making the said indorsement thereon, he exercised honestly his best judgment as to the nature

and terms of the judgment which ought to have been entered up in the case; then his error in misunderstanding the inference at law, which entitled the plaintiff to interest until the time of payment, is not such a want of skill, or such negligence as will charge the defendant in this action.

The defendant further prayed the court to instruct the jury, that if, from the evidence so as aforesaid given, they should be of opinion that the mistake charged in the declaration in issuing the execution therein mentioned, was committed by Mountjoy Bailey, the deputy of the defendant, duly appointed and sworn as such, and that the said Mountjoy Bailey was, at the time of issuing the said execution, competent to the correct discharge of the duties of the said office, and that the defendant has been guilty of no neglect in superintending the said deputy in the discharge of the duties of his said office in issuing the said execution; then the defendant is not liable to the plaintiffs in this action, for the said mistake of his said deputy. Which instruction THE COURT gave as prayed.

To which instructions the plaintiffs' counsel excepted.

Verdict for the defendant.

The plaintiffs' counsel moved the court for a new trial, and cited Russell v. Clayton, 3 Call, 37, 41, and Stuart v. Madison, 1 Call, 417, side p. 481. (THRUSTON, Circuit Judge, absent.)

THE COURT continued the cause to November term, 1826, for consideration, and at that term (November 16, 1826,) refused to grant a new trial. (THRUSTON, Circuit Judge, absent.)